USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  07/18/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ALFREDO RAVELO** : | |
| Plaintiff : | Civil Action No: 1:23-cv-3231 |
| : | |
| v. : | |
| : | |
| **FCA US LLC** : | |
| Defendant : | |

## ORDER

**AND NOW,** this   18   day of     July    , 2023, upon consideration of the Consent Motion of Defendant FCA US LLC for Court Approval of the Stipulated Protective Order, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED** and that the Stipulated Protective Order is approved by the Court.

BY THE COURT

_____   07/18/2023
HONORABLE VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **ALFREDO RAVELO** | : | |
|       **Plaintiff** | : | Civil Action No: 1:23-cv-3231 |
| | : | |
| v. | : | |
| | : | |
| **FCA US LLC** | : | |
|       **Defendant** | : | |

### CONSENT MOTION TO APPROVE STIPULATED PROTECTIVE ORDER

Plaintiff, Alfredo Ravelo, and Defendant, FCA US LLC ("FCA US"), by and through their undersigned counsel, hereby file this Consent Motion to Approve Stipulated Protective Order and affirm as follows:

1. This products liability action arises out of a January 3, 2023, motor vehicle accident which occurred on Victor Street, Bronx, New York.

2. Plaintiff asserts that the 2022 Jeep Wrangler he was driving is defectively designed and/or manufactured and caused the accident and his injuries.

3. The parties anticipate that discovery in this matter will include the production of certain FCA US documents that contain confidential and proprietary information.

4. The parties agree to the terms of the Stipulated Protective Order attached hereto and respectfully request that this Honorable Court execute an Order in the form attached hereto, approving the Stipulated Protective Order, and protecting against the dissemination of materials designated as confidential, except as set forth in the terms of the Stipulated Protective Order.

WHEREFORE, it is respectfully requested that this Honorable Court enter an Order approving the Stipulated Protective Order.

1

2

Dated: July 17, 2023                                  Respectfully submitted,

**NELSON MULLINS RILEY
& SCARBOROUGH LLP**


*/s/ Tiffany M. Alexander*
Tiffany M. Alexander, Esq.
*Attorney for Defendant, FCA US LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Consent Motion to Approve the Stipulated Protective Order** was filed and served on all parties via electronic filing.

Dated: July 17, 2023         *Tiffany M. Alexander*
                  Tiffany M. Alexander, Esquire
                  *Attorney for Defendant, FCA US LLC*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALFREDO RAVELO | ) | Case No.: 23-cv-3231 (VEC) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FCA US, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# **STIPULATED PROTECTIVE ORDER**

The parties having stipulated to the entry of this Protective Order, and the Court otherwise being advised;

IT IS ORDERED that the following provisions and conditions shall govern the parties:

1. This Protective Order shall control the disclosure and dissemination of documents and information. Any party to this case or any producing non-party, shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing that:

   a) contains trade secrets, competitively sensitive, research, development, proprietary, technical, marketing, financial, sales or other confidential business information;

   b) contains private or confidential personal information;

   c) contains information received in confidence from third parties; or

   d) any portion of a party's response or producing non-party's response that contains trade secret or other confidential, research, development or commercial information, or information otherwise considered confidential under applicable law by marking the material, in a manner that will not interfere with its legibility.

2.	The material will be marked "This document is subject to a Protective Order in *Ravelo v. FCA US LLC*"

3.	In any deposition, if the deponent's testimony is deemed confidential, a party will notify opposing counsel in writing of the page and line numbers of the testimony deemed confidential within 30 days of receiving the deposition transcript. Any testimony read from or directly referencing confidential documents is automatically deemed to be confidential, including any confidential documents that are used as deposition exhibits.

4.	Any confidential information that a party or producing non-party provides to another party may be disclosed only to that party and/or immediate employees of that party's trial counsel's law firm, and other individuals legitimately assisting in the preparation of this case for trial such as a party's co-counsel, consultants, and experts.

5.	Any recipient of confidential information shall not disclose the confidential information to any other person to whom disclosure is not authorized by the terms of this Protective Order and shall not use such confidential information for purposes other than preparation of this action for trial. Any recipient of confidential information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of confidential information in order to ensure that its confidential nature is maintained.

6.	Any recipient of confidential information, by accepting its receipt, agrees to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to the confidential information and/or this Protective Order, including, but not limited to, any proceeding relating to the enforcement of this Protective Order.

7.	Any recipient of confidential information, prior to its receipt, shall be furnished with a copy of this Protective Order, and shall execute the acknowledgment letter attached as Exhibit A,

certifying that the recipient will not disclose confidential information to any person to whom disclosure is not authorized by the terms of this Protective Order, that the recipient will not use any confidential information in any way whatsoever other than for purposes of this action, and that the recipient has read this Protective Order and agrees to be bound by its terms. The original of each acknowledgement letter shall be maintained by counsel for that party and furnished to counsel for the producing party upon the conclusion of this litigation.

8. There shall be no reproduction or copying of confidential information except for those people authorized to receive information pursuant to this Protective Order after execution of the acknowledgement letter.

9. Any confidential information required to be filed with the Court shall be marked "Confidential" and filed under seal under applicable court rules, with the Clerk of the Court and shall be available for inspection only by the Court and by persons authorized by this Protective Order to receive such confidential information. Such documents or information shall be filed only in sealed envelopes, on which shall be endorsed the caption of this action, an indication of the contents, and the following designation:

CONFIDENTIAL

> This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing use of confidential discovery material. The envelope shall not be opened or the contents thereof displayed or revealed except by order of the Court. Violation hereof may be regarded as contempt of Court.

10. Information designated as "Confidential" may be referred to by a party in notices, motions, briefs, or any other pleadings, may be used in depositions, and may be marked as deposition exhibits in this action. No such information shall be used, however, for any of these purposes unless

it, or the portion where it is revealed, is appropriately marked and protected from dissemination and, where filing is necessary, separately filed under seal with the Court.

11. If, at the time of trial, a party intends to introduce into evidence any information designated as Confidential, that party shall give timely notice of such intention to the Court and counsel for the producing party may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information. The party claiming information is confidential shall have the burden of proving that confidentiality.

12. After the conclusion of this action, this Protective Order shall continue to apply to all confidential information provided by a party or producing non-party and the Court shall retain jurisdiction over all recipients of such confidential information for purposes of enforcing the provisions of this Protective Order.

13. All documents and copies of documents designated as Confidential shall be returned to the producing party or producing non-party at the conclusion of this case. This paragraph shall require the return of the original materials produced, together with all photocopies, duplicates, abstracts, or reproductions of such materials.

14. The terms of this Protective Order do not preclude FCA US from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration ("NHTSA"), either voluntarily or in connection with FCA US's obligations under the National Traffic and Motor Vehicle Safety Act of 1966 ("Safety Act"), 49 U.S.C. § 30101, et seq.

15. In the event that a party disagrees with the producing party's designation of any item as Confidential and subject to this Protective Order, the party shall send a written notice to the producing party specifying the items in question. In the event that the parties cannot reach an agreement concerning the confidentiality of the item, the party opposing continued confidentiality

shall proceed to file a motion with this Court seeking a determination whether the items are properly subject to this Protective Order. Any such items shall continue to be treated as confidential and subject to this Protective Order until such time as this Court rules that the items are not entitled to confidential treatment.

16. Neither plaintiff(s) nor defendant(s) or their respective counsel, experts, or other persons retained by them to assist in the preparation of this action shall under any circumstances, sell, offer for sale, advertise, or publicize the contents of confidential information.

Notwithstanding anything in this stipulation to the contrary, the parties must comply with the Undersigned's Individual Practices regarding the filing of sealed or redacted documents and discovery disputes.

_____
Judge Presiding

SIGNED this __18__ day of __July__, 2023

5

| **Attorney for Plaintiff** | **Attorneys for FCA US LLC** |
|---|---|

_____   _____

**SANDERS, ARONOVA, GROSSMAN WOYCIK, VIENER, & KALANT, PLLC**

Catherine J. Fiorentino
100 Garden City Plaza, Suite 500
Garden City, NY 11530

SIGNED this \_\_\_**6th**\_\_\_ day of \_\_\_\_**July**\_\_\_\_, 2023

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

Tiffany Alexander
1235 Westlakes Drive, Suite 215
Berwyn, PA 19312

SIGNED this \_\_\_17th\_\_\_ day of \_\_\_July\_\_\_, 2023

# EXHIBIT "A"

# WRITTEN ASSURANCE

STATE OF NEW YORK

COUNTY OF _____

I, _____, hereby attest to my understanding that information or documents designated confidential are provided to me pursuant to the terms and conditions and restrictions of the Protective Order of _____, 20\_\_, in *Alfredo Ravelo v. FCA US LLC* that I have been given a copy of and have read the Protective Order and understand its terms. I further agree that I shall not disclose to others, except in accordance with that Protective Order, such information or documents including notes or other memorandum or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding in which they are produced. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of the legal proceeding. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such a failure. Further, I agree to subject myself to the jurisdiction of the United States District Court, Southern District of New York in and for any contempt proceeding or other appropriate sanctions as the Court may deem proper for a violation of the Court's Protective Order.

_____

Subscribed and sworn to before me this _____ day of _____, 2023.

_____
NOTARY PUBLIC